## In re BOSTON.

### (District Court, D. Nebraska. July 13, 1899.)

BANKRUPTCY—EXEMPTIONS—FRAUDULENT CONVERSION OF PROPERTY.

Where a debtor, shortly before filing his voluntary petition in bankruptcy, and in contemplation thereof, sold property which was not exempt from execution, and applied the proceeds in part payment of a debt secured by a mortgage on property claimed as a homestead, *held*, that the transaction was in fraud of the bankruptcy law, and that the trustee in bankruptcy, for the benefit of the creditors, should be subrogated to the rights of the mortgagee to the extent of the money so paid.

In Bankruptcy. On review of decision of referee in bankruptcy. The referee certified the case for review, as follows:

"Now on this 31st day of June, A. D. 1899, at Beatrice, in said district, before Fulton Jack, one of the referees of the above court, this cause coming on to be heard under the order of the above-entitled court for the purpose of taking evidence as to the amount of mortgage indebtedness upon the real estate claimed by the above-named bankrupt as exempt to him for a homestead, and upon the issues joined by the trustee by his answer filed in regard to such matters, the trustee appeared at the time and place, of which notice had been duly given to all parties in interest, and the bankrupt also appeared. And the referee having heard the evidence of the parties, and being duly advised in the premises, finds that the mortgage indebtedness upon said premises claimed as a homestead is the sum of \$1,091.32, bearing interest at the rate of 8 per cent. per annum. And the referee, being advised in the premises, finds that during the month of December, A. D. 1898, and in contemplation of proceedings in bankruptcy, the said Joel V. Boston, bankrupt, made and executed a chattel mortgage to the owner and holder of the said real estate mortgage covering certain property, to wit, about 400 bushels of corn, which he did not list in any schedule filed by him; and that the said bankrupt afterwards personally sold said corn, obtained the proceeds thereof, and applied the same upon the said real-estate mortgage, and that the proceeds of said corn was the sum of \$120; that \$30 of said amount was paid within a few days of the filing of said petition in bankruptcy, and that the remaining \$90 thereof was paid thereon more than two months after the filing of said petition in bankruptcy; and the referee finds that the bankrupt has obtained the benefit of the proceeds of said property in the reduction of the mortgage indebtedness upon his homestead, and that the bankruptcy estate is entitled to be subrogated to the rights of Annabel M. Evans, the owner of said mortgage, to the said amount of \$120. It is therefore considered, ordered, and adjudged by the referee that the amount of the mortgage indebtedness upon the real estate claimed by Joel V. Boston, bankrupt, as exempt, to wit, the south half of the southeast quarter of section four (4), township six (6), range eight (8) east, in Gage county, Nebraska, in the sum of \$1,091.33; and it is further decreed that the estate in bankruptcy of the said Joel V. Boston

have a lien upon said real estate for the benefit of the creditors of said Joel V. Boston to the amount of $120, and that the trustee at once set off to the bankrupt, as his homestead, all of said real estate, subject to the mortgage indebtedness due said Annabel M. Evans, and subject to said lien of $120; and it is further ordered and directed that if the said Joel V. Boston fail for 20 days to pay said sum of $120 to O. M. Enlow, the trustee in bankruptcy of said estate, that, in that event, the trustee proceed to sell at public auction, for cash, said lien of $120 upon said real estate. To the order decreeing said lien of $120 upon said real estate, and directing the sale of the same by the trustee, the bankrupt excepts.        Fulton Jack, Referee in Bankruptcy."

"District of Nebraska—ss.: The bankrupt having taken exceptions to the above order of the referee as indicated therein, the question above cited is hereby certified to the Hon. W. H. Munger, judge of the above court, for his opinion thereon.        Fulton Jack, Referee in Bankruptcy."

F. M. Davis, for petitioner.

S. D. Killen, for defendants Wolford Bros., J. H. Spellman, and Evert Van Engen.

MUNGER, District Judge. This matter is heard on an appeal from the decision of Referee Jack, finding that the bankrupt, a few days before filing his voluntary petition, disposed of property not exempt, and applied the same in partial payment of an incumbrance upon property which was exempt; that such transaction upon the part of the bankrupt was in fraud of the bankruptcy law; and that by reason thereof the creditors are entitled to be subrogated as mortgage creditors upon the homestead to the extent of such payment, to wit, $120. This decision of the referee is affirmed.